## Case No. 8,745.

### McDANIEL v. RIGGS.

[3 Cranch, C. C. 167.] [1]

Circuit Court, District of Columbia. May Term, 1827.

JUDGMENTS—SURETY—SUBROGATION — EXECUTION QUASHED—RIGHT OF SURETY TO RECOVER MONEY PAID.

Judgment was rendered in Virginia, in favor of Shepherd, for the use of Riggs against Dixon, and McDaniel, his bail. McDaniel paid the money to Riggs, upon the execution, and took an assignment of the execution against Dixon. The execution against McDaniel, the bail, was quashed by the court in Virginia; and he brought suit in this court against Riggs for money had and received, to get back his money. *Held*, that he was entitled to recover, although he still held the assigned execution against Dixon.

This was submitted to the court, upon the following case agreed: In 1818, in the superior court of Loudoun county, in Virginia, one Shepherd, for the use of Riggs, brought an action of debt against Jacob Dixon, for whom, McDaniel, the present plaintiff, became appearance-bail. At November rules 1818, there was an office-judgment against Dixon and McDaniel, his appearance-bail, nisi, which was confirmed at December rules, 1818. On the 6th of April, 1819, McDaniel came into court, and entered himself special bail for Dixon. On the 10th of the same April, 1819, judgment was again rendered by default against Dixon, and McDaniel, his "common bail." On the 9th of April 1823, upon an execution issued on the 16th of April, 1819, agreeably to an office judgment render-

ed on the —— day of April, 1819, upon motion of McDaniel, it appearing to the court that special bail was entered on the 6th of April, 1819, the execution was quashed as to him, McDaniel. On the 6th of April, 1824, upon an execution issued on the 16th of April, 1819, agreeably to an office-judgment entered at the rules on the 10th of April, 1819, on the motion of McDaniel, and it appearing that special bail was entered on the 6th of April, 1819, it was ordered that the judgment as to McDaniel be set aside, and that execution as to him, be quashed; and a writ of restitution was awarded to the said McDaniel, he having before paid the money on the execution, to Riggs, upon receiving an assignment of the execution against Dixon; which execution was returned by the sheriff, at the return term, (August, 1819,) with the indorsement of the assignment thereon; but without any other return written thereon. Riggs was never a resident in Virginia; and a writ of restitution could never have been served upon him, if such could have issued, or had issued against him. It did not appear, by the record, whether the writ of restitution was awarded against Shepherd, the legal and nominal plaintiff in the action, or against Riggs, for whose use the suit was originally brought, as appeared by the record, and who actually received the money; although this fact, the receipt of the money by Riggs, did not appear in the transcript of the record. The question submitted to the court was, whether the plaintiff was entitled to recover, in this action, upon that state of facts.

THE COURT (CRANCH, Chief Judge, contrà) was of opinion, that the plaintiff was entitled to recover.

CRANCH, Chief Judge, thought that as this was an action for money had and received, which is an equitable action, the plaintiff must show that ex aequo et bono, he was entitled to get back the money; but as he had received an assignment of the judgment at the time of paying the money to Riggs, (which was a valuable consideration,) and still held that assignment, Riggs, who had lawfully received the money, had a right to retain it; especially as McDaniel was still bound as special bail.