JAMES STRONACH and others, infant heirs of JAMES STRONACH, deceased, vs. ADAM STRONACH, administrator, and LESTER SEXTON.

*Devastavit by administrator—By whom action to be brought.*

1. In general, a sale, mortgage or pledge by an administrator, for his own debt, of personal property of which the intestate died seized or possessed, is a breach of trust; and the purchaser, mortgagee or pledgee, with notice, is a party to the breach of trust, and responsible therefor.

2. But the administrator cannot avoid his own sale or pledge on the ground that it was such a breach of trust; nor can it be avoided by an administrator *de bonis non*, subsequently appointed, without some special statutory provision giving him that power; and there is no such provision in the statutes of this state.

3. The action to avoid such sale &c., may be brought by creditors, legatees and distributees; and where there are no creditors or legatees, the persons who will be by law the distributees of the estate, may maintain the action.

4. Where the widow of an intestate is surviving, she should be made a party along with the heirs.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought by *James, John* and *Isabella Stronach,* infant children of James Stronach, deceased, by their guardian *ad litem,* against *Lester Sexton* and *Adam Stronach.* The facts alleged in the complaint are in substance as follows: James Stronach died in 1858, in Michigan, leaving the plaintiffs his sole surviving children and heirs-at-law. Soon afterwards, *Adam Stronach* was appointed administrator of the estate of said James, then situated in this state, by the probate court of Milwaukee county, gave bond, entered upon the discharge of his duties, and filed an inventory of the property of the deceased, amounting to about $10,000. At the time of his death, said James was the sole and absolute owner of the schooner "J. A. Stronach," with her tackle &c., and the same was embraced in said inventory, and valued at $4,000, and was taken possession of by said administrator. For several years last past *Adam Stronach* has resided, and still resides, in Michigan. He has never rendered any account to the probate court of Milwaukee county; he is now and has been for several years insolvent; one of his sureties is wholly insolvent, and the oth-

er died insolvent before the commencement of this action. The debts of the said James, his funeral expenses, and all claims against his estate, have been paid chiefly or wholly out of his property in Michigan. In the fall of 1860, *Adam Stronach*, having possession, as administrator, of the schooner above mentioned, "fraudulently and unlawfully, and without the knowledge or assent of the plaintiffs or their general guardian, pretended to sell or assign and transfer 'an undivided six eighths of the same to the defendant *Sexton*,' as security for a debt then owing by said *Adam* to said *Sexton*, or to the company of which said *Sexton* was a partner;" and thereupon delivered said schooner to said *Sexton*, who well knew at the time that the same was not the property of the said *Adam*, but that he held it merely as such administrator, and who fraudulently colluded with said administrator, &c. The complaint also contains averments as to the value of said schooner, and of the use thereof since said transfer to *Sexton*, and the refusal of the defendants severally to deliver up the vessel or account for the earnings thereof on demand made by the plaintiffs through their guardian. Judgment is demanded that said schooner, with tackle &c., is the property of the plaintiff; that the possession thereof by *Sexton* is fraudulent and wrongful, and that he deliver the same to the plaintiffs or their lawful guardian, in case delivery can be made, and otherwise that he account to them for the value thereof, and that he also account to them for the earnings of the vessel, &c.

The defendant *Sexton* demurred, on the grounds that the court had no jurisction of the subject of the action; that several causes of action were improperly joined; and that the facts stated did not constitute a cause of action. From an order overruling the demurrer, *Sexton* appealed.

*Butler & Cottrill*, for appellant:

1. As to jurisdiction, (1) The action is brought in part to settle the title to the vessel. But equity has no jurisdiction to settle titles to personal property. (2) The complaint shows the

existence of a mortgage upon the vessel, which it seeks to have avoided. The mortgaging of vessels and the record thereof is regulated by acts of Congress. Courts of admiralty alone have jurisdiction relative to the titles of vessels. 1 Conkling's Admiralty, 260. (3) So far as the complaint seeks an account, and to charge the appellant as a trustee for the respondents, the court has no jurisdiction, because there is no privity of contract or estate between the appellant and respondents. Story's Eq. Jur., §§ 442, 445, 446, 450–52, 454–59. 2. There is a misjoinder of causes of action. The respondents seek (1) To settle the title to the vessel, and set aside a mortgage upon her— which is a matter of equitable cognizance, if our courts can take cognizance of it at all. (2) To recover the vessel if a return can be had, and if not, her value—which is replevin. (3) To have an amount of the earnings, if the vessel has been properly managed—which can only be compelled in chancery; and if she has not been so managed, that appellant be required to pay what she should have earned—which is mere damages for the conversion, demand and refusal being averred. 3. The complaint does not state a cause of action, (1) Because the courts of this state cannot entertain a suit to quiet the title to a chattel, and especially to a vessel. (2) Because there can be no accounting in this case, there being no privity of contract, and if there were, but a single matter on one side, and no discovery sought. (3) Because the title to the vessel is still in the administrator, and there having been no decree of distribution in the probate court, the respondents can maintain no action whatever with reference to the property. The administrator must give bonds to return a correct inventory, to administer according to law, to render a true account, and to abide the decrees of the probate court. R. S., ch. 99, sec. 4; ch. 98, sec. 2. He is to be charged in his account with all the property that comes to his possession. Ch. 102, sec. 1. He has the right to the possession of the real and personal estate, until the estate is settled, &c. Ch. 100, sec. 7. After full settlement of the estate, the residue is

to be assigned to the persons entitled to it by law. Ch. 103, sec. 3; *Gillett v. Treganza*, 13 Wis., 472.

*Levi Hubbell*, for the respondents, argued that vessels are the subjects of common law rights and jurisdiction, and it is only in peculiar cases that rights connected with them are exclusively cognizable by courts of admiralty (Conkling's Treatise, ed. of 1842, 149; *Hallett v. Novion*, 14 Johns., 273; *S. C.* in error, 16 id., 327; *Percival v. Hickey*, 18 id., 291–94); and courts of admiralty, having no equity powers, could not deal with a case of fraud and breach of trust like the present. 2. The circuit courts of this state, having general chancery powers in all civil cases arising within their circuits, have a rightful jurisdiction of executors, administrators, guardians and other trustees, and necessarily must take cognizance of all cases of breach of trust, whether the trustee acts alone or in connection or collusion with others. (1.) In this case the defendant *Sexton*, in fraudulent collusion with the administrator, has committed *devastavit* upon the estate. Here is both fraud and dam age as respects the plaintiffs. Courts of equity have repeatedly granted relief in such cases. *Andrew v. Wrigley*, 4 Brown's C. C., 127, 139; *McLeod v. Drummond*, 17 Ves., 153, 172; *Field v. Schieffelin*, 7 Johns. Ch., 150; *Evertson v. Evertson*, 5 Paige, 644; *Colt v. Lasnier*, 9 Cow., 340; *West v. Randall*, 2 Mason, 189, 199; *Pratt v. Northam*, 5 id., 165; *Thomas v. White*, 3 Littell, 180; *Johnston v. Lewis*, 1 Rice's Ch. C., 40; *Dodson v. Simpson*, 2 Rand., 294; 5 id., 51, 195; 11 S. & R., 386–8; 7 Dana, 498; 1 A. K. Marsh., 573. (2.) The plaintiffs have no other adequate or complete remedy, and hence the court will aid them in this way. *Bean v. Smith*, 2 Mason, 271; *Pratt v. Northam*, 5 id., 95. (3.) They stand in the place of residuary legatees, who, by all the authorities, are entitled to this remedy. (4.) They are as clearly entitled to the net earnings as to the vessel itself (17 Vesey, 153–172; *Long v. Majestre*, 1 Johns. Ch., 306); and for this purpose the interference of equity is indispensable. (5.) They have no remedy at law. Pro-

ceedings against the administrator would be fruitless; for he and his sureties are insolvent. In such a case they are not bound to pursue the administrator. *Riddle v. Mandeville*, 5 Cranch, 322, 330; *Monell v. Monell*, 5 Johns. Ch., 297–8. Neither trover nor replevin will lie, as to them, against *Sexton;* he has not disturbed their possession, but acquired possession from the administrator, who had the actual and legal possession. Until distribution the heirs have no right of possession *at law.* Nor could an administrator *de bonis non* help them. He would be bound by the acts of his predecessor. *Coleman v. McMurdo*, 5 Rand., 51; 7 Gill & J., 13; *Johnston v. Lewis*, 1 Rice Ch. C., 40. Counsel also cited as a case like the present, *Thomas v. White*, 3 Littell, 180.

DOWNER, J. Is this action rightly brought by the respondents as heirs of James Stronach, deceased? The complaint alleges, in substance, a *devastavit* on the part of the administratrator, and that *Sexton* was a party thereto, knowing, at the time he received the property from the administrator, that the latter made the transfer fraudulently, or in violation of his duties as administrator. Generally speaking, whenever an administrator sells, mortgages or pledges any of the personal property of which the intestate died seized or possessed, in payment of or as security for his own individual debt, he is guilty of a breach of trust; and every person who receives any part of the personal assets in payment of or as security for his private debt, is a party to such breach of trust, and is responsible therefor. Story's Eq., § 581; *Colt v. Larkin*, 9 Cow., 320, and cases there cited. To whom is he responsible? The administrator cannot avoid his own sale or pledge, though he was guilty of a breach of trust in making it. If he dies or is removed, and an administrator *de bonis non* is appointed, the latter cannot avoid the wrongful sale or pledge by the first administrator. *Herron v. Marshall*, 5 Humph., 443; *Coleman v. McMurdo*, 5 Rand., 51; *Johnston et al. v. Lewis*, Rice Eq., 40; *Young v.*

*Kimball*, 8 Blackf., 167; *Slaughter v. Froman*, 5 Monroe, 19; 3 Mon., 95; *Hagthorp v. Neale*, 7 G. & J., 13. This is the rule except where there are statutory provisions in force authorizing the administrator *de bonis non* to do what otherwise the creditors, legatees or distributees alone could do. We have examined our statutes on this subject, and find no provision authorizing an administrator *de bonis non* to do anything except to administer on the estate or assets remaining undisposed of by the first administrator. The remedy is not, therefore, as was suggested on the argument, to remove the administrator and appoint another. That may be necessary, but not for the purpose of reaching assets wrongfully transferred or disposed of by the present administrator. Creditors, legatees and distributees are the persons who have a right to bring suit in such case. See authorities above cited.

As there are no creditors or legatees, the suit was rightly brought by the heirs. They have a right to some relief; whether to the full extent demanded by the complaint, it is unnecessary now for us to decide. This disposes of all the causes of demurrer except the second, and that, we are of opinion, is not well taken.

There was something said in the argument about the widow of James Stronach being a necessary party. I suppose she is one of the distributees of the estate, and if so, she ought to be a party.

*By the Court.*—The order of the circuit court is affirmed, with costs.