GOLDER, County Judge, etc., vs. LITTLEJOHN.

*Administrator* de bonis non — *Right of action.*

An administrator *de bonis non* may bring an action, in the name of the county judge, on the executor's or administrator's bond required by chapter 104, R. S. *Stronach v. Stronach,* 20 Wis. 129, distinguished.

APPEAL from the Circuit Court for *Walworth* County.

The executors of the estate of William Potts (whose will was admitted to probate in said county) having deceased, and an administrator *de bonis non* having been appointed, he brought this action, in the name of the county judge, and by his permission (R. S. ch. 104, §§ 4–7), against *Littlejohn* as one of the sureties on the executors' bond, for alleged breaches of the conditions thereof, in that the executors did not make a true and perfect inventory, did not administer the estate according to law and the will, and did not render an account of their administration as required by law and the order of the county judge. Defendant demurred to the complaint on the grounds: 1. That the court had no jurisdiction of the subject-matter. 2. Defect of parties plaintiff. 3. Misjoinder of causes of action. 4. Defect of parties defendant, the other surety not having been made a party. 5. Insufficiency of facts to constitute cause of action. 6. No legal capacity in plaintiff to bring the action. From an order sustaining the demurrer, plaintiff appealed.

*Murphey & Cravath*, for the appellant, stated that the demurrer was sustained on the ground that the county judge could not authorize suit to be brought by the administrator *de bonis non;* and to the point that this was error, they relied on chapter 104, R. S., especially sections 4, 5, 6, 12, also sections 8 and 12, chapter 102; and to the point, that the administrator *de bonis non* is a party "interested in the estate," and "aggrieved" by a breach of the bond, they cited *Leland v. Felton*, 1 Allen, 531; *Wiggins v. Swett*, 6 Met. 197; *Bryant v. Allen*, 6 N. H. 116. The first executor or administrator must account to the administrator *de bonis non. Cobb v. Muzzey*, 13 Gray, 57. And the latter may sue on the administration bond of his predecessor. 1 Hagg. 139; 9 Watts, 252–56, 479, 495; 1 Pars. 70; 7 Blackf. 529; 3 Eng. 172; 8 Ired. 381, 397; 11 id. 110, 160; 12 id. 64; 1 Sandf. (S. C.) 228; 6 East, 410–12; 1 Taunt. 322; 6 id. 453; 3 B. & A. 362–64; 5 Price, 412.

*Page & Montague*, for the respondent. [No brief.]

Dixon, C. J.   In this case we have not been favored with any brief or argument by counsel for the defendant, and are therefore not possessed of their views.   We have examined the case upon the brief and authorities of plaintiff's counsel, and are satisfied that the court below erred in sustaining the demurrer.   The provisions of the statute in regard to the prosecution of probate bonds are full and explicit; and, as counsel say, no further authority is required to show that this action is instituted in conformity to law, than is found in sections 6, 7 and 12, chap. 104, R. S.   Section 6 provides, that in all actions upon such bonds the summons and proceedings shall be in the name of the judge of the county court; section 7, that, on the application of any person authorized by the chapter to commence an action on such bond, the judge of the county court may grant permission to such person to prosecute the same, which permission the complaint in this case alleges was granted.   Section 12 authorizes claims for damages on account of the breach of the conditions of any bond, to be prosecuted by any executor, administrator or guardian in behalf of those he may represent. These provisions, when considered in connection with others to be found in the same chapter, seem to us very clearly to authorize the maintenance of this action.   The case of *Stronach v. Stronach*, 20 Wis. 129, on the authority of which it is said that the court below sustained the demurrer, on the ground that the plaintiff has not legal capacity to sue, presented quite a different question.   The question there was, whether an administrator *de bonis non* could avoid a wrongful sale or pledge of the property of the estate by the first administrator; and the court held, as there was no statute authorizing the administrator *de bonis non* to do so, that the action for such *devastavit* was properly brought in the name of the heirs of the intestate.   It needs no argument to show that the doctrine there held is wholly

inapplicable to a proceeding like this, which is a suit upon the bond, expressly authorized by statute, to compel the executors to pay over and account for the *value* of the property received by them, and not an action to reach the property itself wrongfully sold, pledged or converted by the executors.

Of the other points of the demurrer we take no notice, except to say that we see nothing in them for which the demurrer ought to have been sustained.

*By the Court.*—Order reversed.

NOTE. — On a motion for a rehearing, the respondent's counsel argued, among other things, that the surety could not be made liable on the bond until the county court had made the proper judgment, showing that his principals were in default. 2 Redfield on Wills, 83. At law, it is for the principals to contest the facts alleged as constituting breaches of the bond; it is for the surety to contest only the question of payment. 3 Ohio, 225; 4 Munford, 98; *Carow v. Mowatt,* 2 Edw. Ch. 57; *Jones v. Anderson,* 4 McCord, 113; *Stewart v. Treasurer, etc.,* 4 Ham. 98; *Gordon v. Justices, etc.,* 1 Munf. 1; *Inglehart v. Stake,* 2 Gill & J. 235; *Correy v. Williams,* 9 Mass. 114; 2 Redf. on Wills, 248, and cases there cited. 2. The administrator *de bonis non* is not authorized " to do any thing except to administer on the estate or assets remaining undisposed of by the first administrator." *Stronach v. Stronach,* 20 Wis. 229. An executor's bond is not " estate or assets " (*Rusk v. Van Nostrand,* 21 Wis. 160), but a mere contract of indemnity.

The motion was denied. — REP.