Application of Mary E. Wilber, etc.

---

APPLICATION OF MARY E. WILBER, etc.

*April 20—May 10, 1881.*

ESTATES OF DECEDENTS. *Rights of testator's widow.*

1. Where the widow of a testator, within one year after his death, files the notice prescribed by statute (sec. 2172, R. S.), that she elects to take the provision made for her by law instead of that made by the will, she is entitled to the allowance out of household furniture and other personal property of the deceased not disposed of by the will, which is made by subd. 1, sec. 3935, R. S. (subd. 1, sec. 1, ch. 99, R. S. 1858).

2. The widow, however, is not entitled to both the provision made for her by law and that made by the will (sec. 2172, R. S.); and where, in con-

sideration of a sum of money to her in hand paid by the testator, she had executed a deed of release of all her rights in and to property of the estate, which deed and payment are expressly referred to in the will: *Held*, that this must be construed as a provision made for her in the will, and that, if she insists upon her right to such share of the personal estate under the statute, she must account for the moneys received under such provision.

APPEAL from the Circuit Court for *Trempealeau* County. On the 17th of July, 1879, *Mary E. Wilber* filed her petition in the county court for Trempealeau county, stating in effect that she was the widow of Asahel H. Wilber, who died in that county September 1, 1878, leaving the will and codicil admitted to probate, as mentioned in *Wilber v. Wilber, infra;* that the executor had not permitted her to select, from the household furniture and other personal property belonging to the deceased, the portion thereof provided by law, or any part thereof; and that she had not received from the estate any money or thing for her support; and she prayed for an order allowing her to make such selection, and a sum sufficient for her support since his decease, to wit, $200. The petition was resisted, principally upon the ground that the petitioner, by virtue of the deed of release and the declaration of the testator in his will, mentioned in *Wilber v. Wilber*, had forever barred herself from such selection and support. After the hearing of the proofs of the issue so formed, the county court, August 5, 1879, ordered and adjudged that the prayer of the petition be denied, with $10 costs of motion. From that order an appeal was taken to the circuit court; and, after a hearing there, it was, on June 16, 1880, ordered and adjudged by the circuit court that the order of the county court be reversed, and the matter remitted to the county court with directions to grant the prayer of the petition, and for further proceedings according to law, and that the costs of the appeal be paid out of the estate in the hands of 'the executor. From this order the executor appealed.

The cause was submitted for the appellant on the brief of *Button Bros.*

*Edwin White Moore*, for the respondent.

CASSODAY, J. The facts in this case are similar to those in *Wilber v. Wilber, infra.* That concerned real estate; this, personal property. That was an action at law, and its determination depended upon the strict legal rights of the respective parties; this is in the nature of an equitable proceeding, and is to be determined by equitable rules. *Brook v. Chappell,* 34 Wis., 405; *Appeal of Schœffner,* 41 Wis., 260; *Catlin v. Wheeler,* 49 Wis., 507. The petitioner made her claim under subdivision 1, sec. 1, ch. 99, R. S. 1858, being the same as subdivision 1, sec. 3935, R. S. The clause preliminary to the subdivisions only makes the section applicable to such personal property as is not lawfully disposed of by will.

By section 3, ch. 106, Laws of 1877, section 19, ch. 89, R. S. 1858, was so amended that in case of a jointure, devise or other provision being made in the will for the wife, if she elects, within one year after the death of the husband, to take the provision made for her by law, instead of such jointure, devise or other provision, then, upon filing such notice, she shall · be entitled to the same dower and right of homestead as though he had died intestate, and shall, in addition thereto, be entitled to claim and receive the same share of his personal estate as though he had died intestate, subject to the proviso therein contained. That provision is found, in substance, in section 2172, R. S. Under these provisions of the statutes we are forced to hold that the widow was entitled to the allowance prayed for in the petition, and the testator was powerless to exclude her therefrom by the terms of his will. This view is certainly supported by *Miller v. Stepper,* 32 Mich., 194, where the statute was not as strong in favor of the widow as ours. But section 2, ch. 106, Laws of 1877, amending section 18, ch. 89, R. S. 1858 (section 2171, R. S.), expressly provided that

such widow by such election should not be entitled to both the provisions made for her by law and also the provisions made for her by the will.   In other words, if she insists upon her right to a share of the personal estate under the statute, she must account for and be charged with what she has received by the provisions made for her in the will; and, for that purpose, we must hold that the $500 mentioned in her deed of release, with the express reference to it in the will, must be construed as a provision made for her in the will.   Being in a court of equity, she cannot object to her doing equity as a condition of the allowance of her claim.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.