Gardner vs. Estate of Callaghan.

<table>
<tr><td>61</td><td>91</td></tr>
<tr><td>83</td><td>444</td></tr>
</table>

GARDNER vs. ESTATE OF CALLAGHAN.

*September 5 — September 23, 1884.*

*Estates of decedents: Notice of time to present claims: Bar.*

Unless notice of the time limited for the presentation of claims against a decedent is given at the time and in the manner prescribed by sec. 3839, R. S., claims not presented are not barred by sec. 3844.

APPEAL from the Circuit Court for *Portage* County.

The case is thus stated by Mr. Justice CASSODAY:

" The deceased left a will, which was admitted to probate November 1, 1881, and in which Thomas Welch was named as executor. At that date the probate court granted to said Welch letters testamentary, and he thereupon qualified as such executor.

" May 2, 1882, the probate court made an order therein that all claims and demands of all persons against said deceased

be received, examined, and adjusted before that court, and that six months from and after that date be allowed and limited to creditors to present their claims against said deceased for examination and allowance, and that notice of the time and place when and where said court would receive, examine, and adjust such claims be given by publishing the same for four successive weeks in the *Portage County Gazette*, a newspaper printed in Stevens Point, in said county of Portage.

"July 17, 1882, the county judge, as such, made and signed a notice reciting the granting of said letters testamentary, and the time limited for presenting claims for examination and allowance, and giving notice that said county court, on December 7, 1882, at the probate office in the court house, city of Stevens Point, would receive, examine, and adjust all claims and demands of all persons against said deceased. Attached to said notice was an affidavit by C. C. Cooper to the effect that he was one of the publishers of the *Portage County Gazette*, a weekly newspaper printed and published in Portage county, and that said notice had been printed and published in said paper *three* successive weeks, at least once in each week, commencing July 26, 1882, and ending August 16, 1882.

"December 7, 1882, the county judge made an order reciting that, no proof of publication of notice to creditors being filed, it was ordered that the examination of claims against the deceased be continued to January 9, 1883.

"December 12, 1882, the plaintiff filed the claim in question, and a verified complaint thereon. January 9, 1883, the plaintiff made application to the county court for the enlargement of the time theretofore limited for presentation of claims, and on cause being shown, and after hearing the attorneys for the plaintiff and the executor, respectively, the county court, on the 30th day of January, 1883, ordered that the time theretofore limited for the presentation of

claims for examination and allowance against said estate be, and the same was thereby, enlarged and extended to March 1, 1883, and it was further ordered that a copy of said order be served on the executor. January 30, 1883, it was also ordered, in. effect, by the county court that the plaintiff's claim against said estate be examined and adjusted at the regular March, 1883, term of said county court, to wit, upon the first day thereof, or as soon thereafter as counsel could be heard.

"To each of the orders so made January 30, 1883, the executor duly excepted, and from each he took a separate appeal to the circuit court for Portage county, and due notices thereof were given to the plaintiff's attorneys.

"April 14, 1884, upon the hearing of said appeals, it was ordered, adjudged, and determined by the said circuit court that the said order extending and enlarging the time for filing and presenting claims against said estate be, and the same was, in whole reversed and set aside, and that the petition of the plaintiff therein be, and the same was thereby, denied, with costs. From this order the plaintiff appeals."

[The application for the enlargement of the time limited for the presentation of claims was based in part upon an affidavit of one of the plaintiff's attorneys, showing that before the time originally limited had expired he inquired of the county judge when such time would expire and was informed, by mistake, that it would expire on the second Tuesday of January, 1883, when in fact it expired on November 2, 1882; and that by reason of such mistake of the county judge the claim was not filed until after the expiration of such time.]

For the appellant there was a brief by *Raymond & Haseltine*, and oral argument by *Mr. Haseltine*. They argued, among other things, that the probate court, in the exercise of its general equity jurisdiction, could relieve against a mistake occurring without fault of the claimant or his attor-

neys. *Brook v. Chappell*, 34 Wis. 405; Gary's Probate Law, 143, n. 12; *Backus v. Cleveland*, Kirby (Conn.), 37; *Adams v. Cleaveland*, id. 38; *Booth v. Starr*, 5 Day, 419; *Pendleton v. Phelps*, 4 id. 476; *Chambers' Adm'r v. Smith's Adm'r*, 23 Mo. 174; Adams's Eq. 522; 2 Daniells Ch. Pr. 1204–5. See *Tredway v. Allen*, 20 Wis. 475; *Boyce v. Foote*, 19 id. 199. Sec. 3840, R. S., merely prescribes a rule of practice in probate courts, and a failure to comply with its terms can be relieved against, in analogy to the action taken by the circuit courts. See *Smith v. Smith*, 19 Wis. 522; *Kelly v. Fond du Lac*, 29 id. 439; *Cartright v. Belmont*, 58 id. 370. To the point that the failure to make the proper publication was fatal to the bar of sec. 3844, R. S., they cited: *Pratt v. Houghtaling*, 45 Mich. 457; *Wiggins v. Adm'r of Lovering*, 9 Mo. 259; *Hawkins v. Redenhour*, 13 id. 125; *Bryan v. Mundy's Adm'r*, 17 id. 556; *Wood v. Myrick*, 16 Minn. 495.

For the respondent there was a brief by *Packard & Felch*, and oral. argument by *G. W. Cate*. They contended, *inter alia*, that under sec. 3840, after the expiration of two months from the time first limited the limitation becomes absolute and beyond the power of the court to change. The grant of power to act within certain limits excludes all presumption of authority to act outside of those limits. The county courts are inferior courts having only the powers conferred by statute. *Supervisors v. Le Clerc*, 3 Pin. 325; *Sitzman v. Pacquette*, 13 Wis. 291.

CASSODAY, J. The six months within which creditors were limited by the county court to present their claims, expired November 2, 1882, and the application for enlarging the time· so limited was not made until January 9, 1883, being more than two months thereafter. Not having been made within· two months after the expiration of the time so previously limited, it is claimed that the county court had lost all power to enlarge the same, under sec.

Gardner vs. Estate of Callaghan.

3840, R. S., and that the plaintiff's claim was, therefore, forever barred, under sec. 3844, R. S. This last section provides, in effect, that every person having a claim against a deceased person, proper to be allowed by the court, who shall not, "*after notice given as required* by" sec. 3839, R. S., exhibit his claim to the court within the time limited for that purpose, "shall be forever barred from recovering such demand, or from setting off the same, in any action whatever."

It will be observed that this section does not undertake to bar any creditor from presenting his claim, unless he fails to exhibit it to the court within the time limited, *and* " *after* notice given as required by" sec. 3839. Was any such notice given in the case before us? That section provides, in effect, that the county court shall appoint convenient times and places when and where the court will receive, examine, and adjust such claims, and, *within sixty days after granting letters testamentary*, shall give notice of the times and places fixed for that purpose, and of the time limited for creditors to present their claims, by causing a notice thereof to be published in a newspaper, as provided in sec. 4045, R. S., for *four* successive weeks, or in such other manner as the court may direct; and also that the first publication, if any, shall be within *ten days* after making the order. Here the county court did not, "within sixty days after granting letters testamentary," give the notice required in sec. 3839, nor any notice whatever during that period.

Letters testamentary were granted November 1, 1881. The record discloses no order made until more than six months after the granting of letters testamentary, and no notice given until more than two months and a half after making the order. Sec. 3839 of the statute requires that the first publication of the notice shall be within ten days after making the order. But here the notice was not drawn until two months and a half after making the order, and

was not published until eighty-five days after making the order. The order of May 2, 1882, required the notice to be published " for *four* successive weeks," as required by that section, but the affidavit of one of the publishers was to.the effect that it had been " printed and published in said paper *three* successive weeks." Sec. 4273, R. S. The compliance with sec. 3839, R. S., seems to be a condition precedent to the bar mentioned in sec. 3844, R. S.

The equitable powers of the county court to relieve a party misled by itself, seems to be ample. *Brook v. Chappell*, 34 Wis. 405; *Appeal of Schœffner*, 41 Wis. 260; *Catlin v. Wheeler*, 49 Wis. 520; *Application of Wilber*, 52 Wis. 297.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to affirm the orders of the county court.