## ESTATE OF LEAVENS

*February 24 — March 16, 1886.*

ESTATES OF DECEDENTS: JURISDICTION. *(1–3) When county court may set aside order procured by fraud: Order for distribution: Parties. (4) Action on administrator's bond, when maintained. (5) Appointment of administrator: Guardian* ad litem *for infant heirs.*

1. The county court may, at any time, in furtherance of justice, revoke an order which has been irregularly made or procured by fraud, provided such revocation will not disturb rights which have become confirmed by the statute of limitations.
2. Where an administrator has by fraud procured the making of an order distributing the estate to persons not entitled thereto, a person claiming to be entitled to a share of the estate may proceed by petition in the county court to have said order set aside, although, being a minor when the original probate proceedings were had, he was not represented therein by guardian or otherwise.
3. The persons to whom the estate has been distributed under such order are proper parties to the proceeding to set the same aside, although the county court may have no power to compel them to refund the property.
[4. Whether the party aggrieved in such case could maintain an action on the administrator's bond before having the order for distribution set aside, not determined.]
[5. Whether a guardian *ad litem* for minor heirs should be appointed on the hearing of an application for the appointment of an administrator, not determined.]

APPEAL from the Circuit Court for *Winnebago* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

In this case *C. W. Leavens,* the appellant, presented a petition to the county court of Winnebago county setting forth the following facts: That C. W. Leavens, deceased, was formerly a resident of said county, and he died intestate in said county, October 29, 1874; that in December, 1874, a petition was presented to the county court of said county by one claiming to be the widow of said deceased,

asking for letters of administration of the estate of said deceased; that upon said petition said county court, upon the 12th of January, 1875, duly appointed one C. A. Leavens administrator of said estate; that said C. A. Leavens duly qualified as administrator, and entered upon the discharge of his duties as administrator; that he caused an inventory of said estate to be made, from which it appears that said deceased left an estate of nearly $5,000; that from the evidence presented to said county court it appeared that said deceased left four heirs surviving him, viz., *Irene S. Leavens*, widow, and three minor children, Vinnie P. Leavens, aged four years, Willie C., aged two years, and Avando, an infant child; that the administrator paid the debts against said estate, and rendered his final account to said county court on July 9, 1878, and thereupon the county court made an order distributing the estate of said deceased, by which the real estate, a lot valued at $988.32, was assigned to the three children in common and undivided, subject to the dower and homestead rights of the said widow, *Irene S. Leavens*, and the personal property, amounting to $3,546.87, was assigned to the said *Irene* and the three minor children, to each one a fourth part thereof; that said order further directed the said administrator to pay over the one-fourth part of said $3,546.87 to said *Irene S. Leavens*, and the three fourths thereof to her as guardian of said minor children, and thereupon the administrator be released and discharged from his trust. The petition also shows that the said *Irene S. Leavens* had been duly appointed guardian of the said minor children, by the order of said county court, on the 25th day of February, 1878, and that, as such guardian, she received from said administrator the share of the estate distributed to said minors, by the order of distribution made as above stated, and that she still, as such guardian, retains such money; that for several

years the said *Irene* has made no report of her doings as such guardian to said county court.

The petition then alleges that on the 16th of June, 1860, at the city of Neenah, in this state, the said deceased was married to one Mary C. Bingham; that the issue of said marriage was the petitioner, *C. W. Leavens*, who is now twenty-three years old; that said M. C. Leavens, wife of said C. W. Leavens, deceased, is still living, and that the marriage contract and bond of marriage between said M. C. Bingham and said deceased, C. W. Leavens, has never been dissolved, except by the death of said C. W. Leavens.   It then alleges that the petitioner and his mother are the only surviving heirs of said deceased; that the petitioner was a minor at the time said proceedings were had in said county court, and was not represented in that court in said proceedings, by guardian or otherwise.   The petition further alleges that the said C. A. Leavens, the administrator of said estate, during all the time he was so acting, knew that the petitioner was the son and heir at law of said deceased; that he knew of the marriage of said deceased with the said Mary C. Bingham; that he was a witness of said marriage, and knew of the issue of said marriage; and that the petitioner was born in the house of said administrator at Neenah.   The petition further alleges that the petitioner had no knowledge of the said proceedings in said county court until within the last year, and had no knowledge that his father died intestate, leaving an estate to be administered.

The prayer of the petitioner is as follows: "Wherefore, your petitioner prays that all the proceedings had as aforesaid in reference to the estate of said C. W. Leavens, and the distribution thereof, be declared null and void; that said *Irene S. Leavens* be cited to account for the amount paid to her as said guardian and as alleged heir; that she

be ordered to pay the same back· to this court; that H. L. Lawson, or some other suitable person, be appointed administrator of the estate of said C. W. Leavens, deceased; and that such other and further proceedings be had, and such other relief be granted, as shall to the court seem meet and right."

To this petition the respondents, *Irene S. Bishop* (formerly *Irene S. Leavens*) and her minor children, demurred for five causes, two of which are relied upon in this court: (1) Because the court has no jurisdiction of the respondents on the subject of the action or proceeding; (2) that the petition does not state facts sufficient to constitute a cause of action. The county court overruled the demurrer, with leave to said *Irene Bishop*, in person and as guardian, and said minors, by E. R. Hicks, guardian *ad litem*, to answer the petition within fifteen days. E. R. Hicks, as guardian *ad litem*, thereupon answered, and *Irene Bishop* appealed to the circuit court of said county. The matter was heard by said circuit court upon her appeal, upon the 3d day of October, 1885, and the circuit court made the following order: "Ordered, that the order of the said county court overruling said demurrer be, and the same is hereby, reversed, and that said demurrer be sustained as to said appellant, *Irene Bishop*, and that said matter be remitted to the said county court for further proceedings according to law." From this order of the circuit court sustaining such demurrer, the petitioner appeals to this court.

For the appellant there was a brief by *Houghton & Haddock* and *C. D. Cleveland*, and oral argument by *Mr. Houghton*. To the point that the appellant, though not a party to the original probate proceedings, was and is a party in interest, affected by the decree and standing in such relations to it that he is entitled to move to have it set aside, they cited *Ætna Ins. Co. v. Aldrich*, 38 Wis. 108, 113; *Mann*

*v. Ætna Ins. Co.* id. 114, 117; Freeman on Judgments, sec. 94.

For the respondent there was a brief by *J. C. Kerwin*, attorney, and *George Gary*, of counsel, and oral argument by *Mr. Gary*. They argued, among other things, that the general jurisdiction of the county court is of *unadministered* estates. The jurisdiction of specific assets is confined to unadministered assets (legal or equitable) in the possession of executors or administrators or under their control. Its jurisdiction of such assets is limited to determining what the executor or administrator shall do with them — to whom they shall be distributed. The jurisdiction of persons extends to all persons who have or claim rights or interests in the particular estate which is in course of administration, when brought in by proper notice or citation upon any proceeding therein. In case of a *devastavit* by an executor or administrator it can determine the amount of his liability upon an accounting, but can give no remedy to the persons injured, beyond determining the extent of their rightful claims against the executor or administrator. Their remedy is against him and his sureties in another court. When the estate is fully administered, rightfully or wrongfully, it has no jurisdiction to compel restitution to the estate, or to authorize an administrator *de bonis non* to do so; — and therefore it has no jurisdiction of the case made by this petition. The substance of the allegations of the petition is a *devastavit* on the part of the administrator. Bouvier's Law Dict. tit. DEVASTAVIT; 3 Williams on Executors, 1894, 1908; *Eaves v. Hickson*, 30 Beav. 136; *Stephenson v. Axton*, 1 Bailey, Eq. 274; *Stroud's Heirs v. Bennett*, 3 Dana (Ky.), 391; *Young v. Kimball*, 8 Blackf. 167; *Stronach v. Stronach*, 20 Wis. 129. Perhaps, on the case as stated by the petitioner, all the proceedings are void as to him, as he was a minor and not represented by guardian. But if so, they are void as to him

only, because he was not a party thereto.  *Bresee v. Stiles,*
22 Wis. 120; *Ruth v. Oberbrunner,* 40 id. 238; *O'Dell v.
Rogers,* 44 id. 136; *Melms v. Pfister,* 59 id. 186.    Between
this respondent and her children, and the administrator,
whose fraud is alleged, the proceedings and distribution in
the probate court are conclusive.    The appellant is not a
party to the proceedings or judgments of the probate court,
and that court cannot set aside and vacate them on his peti-
tion.    *Ward v. Clark,* 6 Wis. 509; *Packard v. Smith,* 9 id.
184; *Bean v. Fisher,* 14 id. 58; *Farmers' L. & T. Co. v.
Fisher,* 17 id. 114.    The appellant has mistaken his remedy.
If he treats the administration as a nullity and regards
C. A. Leavens as merely an intermeddler, then he has no
title or standing in court for any purpose except to have an
administrator appointed.    *Hall v. Wilson,* 6 Wis. 433; *Cul-
len v. O'Hara,* 4 Mich. 132; *Estate of Kirkendall,* 43 Wis.
167, 176, 179.    If he recognizes the administration, or has
by this proceeding put himself in a position equivalent to an
appearance to the proceedings sought to be declared void
(*O'Dell v. Rogers,* 44 Wis. 174–6), then the administrator as
to him is guilty of a *devastavit,* and the right to relief is
against him and his sureties only.

TAYLOR, J.    The learned counsel for the respondent both
in this court and the court below have treated this proceed-
ing by petition to set aside the proceedings in the adminis-
tration of the estate of C. W. Leavens, as an action, and the
petition as the complaint therein, and have demurred to the
petition as though it were a complaint in an action.    This
is hardly the nature of the proceeding.    It is more in the
nature of a motion in an action than of the commencement
of an action.    The demurrer of the respondent may, how-
ever, be treated as an objection on her part against granting
the motion of the petitioner and awarding him the relief
asked for.    The material questions in the case are, perhaps,

as well brought to the notice of the court in the form of a demurrer to the petition as in any other way.

The learned counsel for the respondent urges that the facts stated in the petition do not entitle the petitioner to the relief asked, or to any other relief in the county court, mainly upon the ground that the county court has lost all jurisdiction over the matter of the estate of said deceased, because it had made a final order for the distribution of the estate, and the estate has been delivered to the parties entitled to the same by virtue of such order; and whether the estate has been distributed to the persons rightfully entitled to the same, or to persons who have no right to it, under the laws of the state, can make no difference. The counsel further claim that the county court has exhausted its jurisdiction over the subject matter of the estate, and the rightful owner must seek his remedy, if he has any, in a court of equity or some other appropriate action in some other court.

It is claimed that the county court is entirely incompetent to correct any error it may have fallen into through the fraudulent suppression of the real facts in regard to the estate administered. We are not prepared to limit the power of the county court by any such arbitrary and unjust restriction. This court has repeatedly held that the county court may set aside its orders and proceedings, when they have been irregularly entered, or when they have been obtained through the fraud of parties obtaining the same. See *In re Fisher*, 15 Wis. 511; *Betts v. Shotton*, 27 Wis. 667; *Archer v. Meadows*, 33 Wis. 166; *Baker v. Baker*, 51 Wis. 538, 548; *Brook v. Chappell*, 34 Wis. 405. We seen no reason for limiting this jurisdiction except, as was done in the case of *Betts v. Shotton*, *supra*, so as to prevent disturbing rights which had become confirmed, under the order or proceedings asked to be set aside, by the running of the statute of limitations in favor of those claiming under them.

The petition in this case, if true, shows that there has

been a wrongful administration of the estate, and a direc-
tion of the court to deliver the estate to persons who have
no right to any part thereof. How is the rightful owner to
obtain the estate? The learned counsel for the respondent
says he may bring an action in equity or some other action
in the circuit court to compel the administrator to account
to him for his wrongful administration of the estate, and,
under proper allegations, he may make the recipients of the
estate parties to such action; and cites *Stronach v. Stronach*,
20 Wis. 129. It is probable such an action might be main-
tained, but the fact that such action may be maintained is
no reason for holding that the county court cannot and
ought not to remedy the wrong done by its own order. In
*In re Fisher*, 15 Wis. 511, 521, after an elaborate argument
by eminent counsel, this court sums up the whole case by
saying the following points were unanimously resolved by
the court. One was this: "(3) The county court, sitting as
a probate court, may, at any time, in furtherance of justice,
revoke an order which has been irregularly made or pro-
cured by fraud." The propriety of that determination by
this court, as limited in the case of *Betts v. Shotton, supra*,
has never been questioned, and it has been reiterated in the
opinions of this court in the several cases above cited. A
like rule has been adopted for the probate courts of New
York (see *Campbell v. Thatcher*, 54 Barb. 382, 386; *Pew v.
Hastings*, 1 Barb. Ch. 452; *Proctor v. Wanmaker*, 1 Barb.
Ch. 302; *Sipperly v. Baucus*, 24 N. Y. 46; *Vreedenburgh v.
Calf*, 9 Paige, 128; *Skidmore v. Davies*, 10 Paige, 316);
also by the courts of Massachusetts (see *Waters v. Stickney*,
12 Allen, 1; *Richardson v. Hazelton*, 101 Mass. 108). In
some courts this proceeding to set aside an order of the pro-
bate court which has been irregularly or fraudulently made,
is treated as a bill of review in such court. See *Mauro v.
Ritchie*, 3 Cranch, C. C. 167.

It is urged that the county court has no power to compel

the respondent to return to the county court the money received by her under its order of distribution. For the purpose of this case it is unnecessary to determine what power the county court has to compel the refunding of money belonging to an estate being administered in that court, which has, by the fraud or mistake of the administrator, been ordered distributed to a person not lawfully entitled thereto. The county court can undoubtedly make an order to that effect, and, if the money or property is still in the possession of such person, enforce such order under sec. 2460, R. S. The court, under the authorities cited, certainly has the power to vacate the order procured by the fraud of the administrator; and when that is vacated, there would seem to be no reason why the administrator may not be required to again render his account, and, when such account is rendered, why another order of distribution may not be made to such persons as shall appear to be entitled to the same. In order to procure such action on the part of the court, it was highly proper that the persons who claim the estate under the order of distribution should be notified of the application of the petitioner, as they are vitally interested in maintaining that order unreversed.

Whether the specific relief claimed against the respondent and her children can be given by the county court is wholly immaterial. They were entitled to notice of this application, and the petition should not be dismissed as to the appellant because it may demand a relief which the court may not have the power to grant.

It is also insisted that the petitioner is not a party to the proceedings for the administration of the estate of his alleged father, and has therefore no standing in court to set aside the proceedings in such administration. While he is not bound by the order of distribution made in such proceedings, on account of his minority and want of proper notice of it when it was made, it is not clear that the ap-

pointment of the administrator was void as to him, though a minor. The statute does not in express terms require that a general guardian or a guardian *ad litem* shall be appointed for the minor heirs, to appear for them on the hearing upon the application for the appointment of an administrator of an estate. The statute in force when the administrator was appointed simply required the county judge to cause notice of the application and the time and place of hearing thereof, "to be published for three successive weeks in such newspaper as he may direct, or to be personally served on all persons interested for such length of time before the day fixed for hearing as shall be deemed reasonable." See 2 Tay. Stats. 1219, sec. 20. There is no allegation in the petition that the notice required by the statute was not given before the appointment of the administrator was made. On the contrary, the allegation is that he was duly appointed. The order appointing the administrator may be valid, though the order of distribution may be void because the petitioner was not notified of the making of the same.

The rules prepared in 1879 for the practice in the county courts do not direct that a guardian *ad litem* shall be appointed for the minor heirs, on the hearing of an application for the appointment of an administrator. See County Court Rules, VII, IX, p. 55. It is at least questionable whether another administration can be had of the estate in question until the present administrator is removed, and another appointed in his place. However that may be, we think it highly proper, before attempting to procure a new administration, to have the proceedings already had in the case set aside, so far, at least, as they prejudice the rights of the petitioner. If it be admitted that he has a remedy for the wrong done him by obtaining the fraudulent order for the distribution of the estate in some other court, it seems to us that he has chosen the more appropriate remedy by

going into the court having the custody of the estate of the deceased, and asking that court to vacate its order fraudulently obtained, so that it may do justice to him in the court specially created for that purpose. We have no doubt he is so much a party to the proceeding, if he chooses to make himself such, as to be entitled to present his petition and ask to have the proceeding vacated.

It is also said that he may have a remedy on the administrator's bond for his maladministration of the estate. We have grave doubts whether, under our statute, he can maintain any action upon the bond to recover his share of the estate until he obtains an order of the county court directing some part of it to be paid to him. See subd. 2, sec. 4014, R. S. 1878. In an action upon the administrator's bond, it is not entirely certain that the order made by the county court directing the estate to be paid to other parties than himself would not defeat his action, or that he would be permitted, in such action, to show that such order was void and that the estate should have been distributed to him. However that may be, it is more appropriate to get rid of such void order first, before bringing such action. We think the circuit court erred in sustaining the demurrer to the petition.

*By the Court.*— The order appealed from is reversed, and the cause is remanded with directions to the circuit court to affirm the order made by the county court.


CASSODAY, J. I fully concur in the decision made and much of the reasoning in support of it. But I think the petition filed was something more than a mere motion in the proceedings already had. To my mind, its scope and purpose was essentially what would have been, under the old practice, an original or supplemental bill in equity, in the nature of a bill to review and to set aside the administration already had, and for a new administration. Upon

the facts disclosed, such a bill could undoubtedly have been maintained under the old practice. *Whiting v. Bank of U. S.* 13 Pet. 12; Story's Eq. Pl. §§ 409, 415, 416, 421*a*–421*c; Payne v. Hook,* 7 Wall. 425; *Griffith v. Godey,* 113 U. S. 89; *Pulliam v. Pulliam,* 10 Fed. Rep. 23. This would be so even if the petitioner was not a party to the original proceedings. If he was a party, he was only so technically, on the ground that the proceedings were *in rem,* to which all interested might be deemed to be parties. It is not the present administrator that is in the way of a new administration, but the former adjudications of the county court. The enlarged jurisdiction given to county courts by our statute, in matters of probate and the settlement of estates, seems to be sufficient to authorize them to grant relief of the nature here sought. Sec. 2, art. VII, Const. of Wis.; *Brook v. Chappell,* 34 Wis. 405; *Appeal of Schœffner,* 41 Wis. 260; *In re Wilber,* 52 Wis. 295; *Farmer v. Sprague,* 57 Wis. 324; *Gardner v. Callaghan,* 61 Wis. 91; *Newman v. Waterman,* 63 Wis. 621, and cases there cited; *Gaines v. Fuentes,* 92 U. S. 10.

LYON, J. I concur in the judgment of the court on the grounds that the county court has ample power to grant the petitioner substantial relief, and that his petition shows he is in a position to attack the validity of the order of distribution, and is entitled to some relief. But, for the present at least, I prefer not to decide or even suggest the limits of such jurisdiction.