Metcalfe, ].,
This case was certified to this court from Lake county. Plaintiff in error here was plaintiff below and sought to recover from the defendant, as administrator, etc., upon two promissory notes aggregating about $18,000. These notes were executed by the firm of Drake, Bartow & Company to the plaintiff, The Croxton Mining Company.
The facts necessary to an understanding of the question before us are substantially as follows: The plaintiff is. a mining company operating in Minnesota. The firm of Drake, Bartow & Company, dealers in iron ore, as a firm executed the notes in question to The Croxton Mining Company some time in the year 1910. In 1912 Mr. Drake *106 died, by his death the firm was dissolved, and soon afterward an action was brought by the plaintiff upon these two- notes against John H. Bartow, as one of the members of the firm of Drake, Bartow & Company. Before the case was tried Mr. Bar-tow died, and the action against him was dismissed. After the death of Mr. Bartow, Pauline L. Bar-tow was appointed executrix of his will. The plaintiff’s claim was then presented to Pauline Bartow, as such executrix, but, before she had acted thereon, she died, and the defendant, Sterling W. Hubbard, was appointed administrator with the will annexed; and on the 4th day of December, 1913, he rejected the claim. After Mr. Hubbard’s appointment as such administrator with the will annexed he failed to give notice of his appointment, and has never given such notice. Before the expiration of six months following the rejection of the claim a petition was filed against Hubbard, as administrator, and summons issued, which was returned not served, the defendant not being found in the county. No alias summons was issued until about seven months after the rejection of the claim, when such summons was issued and served upon the defendant.
It is claimed that, by reason of the fact that more than six months passed from the date of the rejection of the claim until summons was served 'upon the defendant, the action was barred by the statute of limitations. That is the only question we have > to determine, and such determination depends entirely upon the construction to be given to the language of Section 10757, General Code.
Section 10722, General Code, provides:
*107 “If a claim against the estate of a deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and has not been referred within six months after such dispute or rejection, if the debt, or any part of it be then due, or within six months after some part becomes due, the claimant must commence a suit for the recovery thereof, or be forever barred from maintaining an action thereunder. No action shall be maintained thereon after such period, by a person deriving title thereto, from such claimant.”
It would seem to be an indisputable proposition that under the provisions of this section the plaintiff is barred, unless there is some saving clause in the statute which would relieve him from the necessity of beginning his action within six months from the date of the rejection of the claim.
It is claimed that such saving clause is found in the following provision of Section 10757:
“The new administrator shall give notice of his appointment in the manner prescribed with respect to an original administrator. If he fails so to do, he shall have no benefit of the limitations herein provided.'”
Mr. Hubbard did not give notice of his appointment as new administrator of Mr. Bartow’s estate, nor was such notice given by the probate judge.
The language of this section is plain and unequivocal, “If he fails so to do, he shall have no benefit of the limitations herein provided.” This does not merely grant to the plaintiff a right, but it is an absolute prohibition to the administrator and takes away his right to plead the limitations *108 “herein provided.” As before stated, such notice was not given; but it is claimed that under the present provisions of the law such notice is not now required. As the law formerly stood (Section 6088, Revised Statutes) the administrator himself was required to publish notice of his appointment.
That section of the Revised Statutes has been amended, and as it now stands in the General Code, as Section 10712, provides that within one month after bond has been given by the executor for the discharge of his trust, “the probate judge shall cause notice of the appointment to be published in some newspaper of general circulation in the county, in which the letters were issued, for three consecutive weeks.”
Section 10757, however, remains unchanged; but it is urged that the requirement of- that section that the “new administrator” give notice of his appointment is of no effect because the original administrator himself is not now required to give notice, the duty to give such notice resting upon the probate judge.
What is the object of requiring notice to be given of the appointment of an executor or administrator? It is not for the benefit of the administrator. Plainly it is for the benefit of the creditors alone, that they may know within what time their claims must be presented. The object of the statute is not to require some particular person to give such notice, but to make sure that such notice shall be given. The fact that when the legislature saw fit to amend Section 10712, it did not amend Section 10757, could not affect the manifest purpose of the statute. The reason for the requirement that notice *109 be given upon the appointment of a new administrator is just as apparent as the reason for giving notice of the appointment of the original administrator. The creditors have a right to presume that after the death or removal, as the case may be, of the original administrator, matters regarding the estate will remain in statu quo until notice is given of the appointment of the new administrator. The language of the statute is clear, plain and unequivocal, and to hold that upon the appointment of a new administrator no notice is required to be given is to ignore its provisions.
The limitations “herein provided,” we think, plainly refer to the limitations upon the bringing of suits provided for in Part Third, Title III, Chapter 3, General Code; and the language of Section 10757 is controlling as to all such limitations.
In Pollock v. Pollock, 2 C. C., 140, it is held that it is error for the court to render judgment on a claim against the estate of a deceased person where the claim had been rejected more than six months before the action is commenced, and the failure of the executor to plead the statute did not give a right to a judgment. This decision only relates to the effect of the six months’ limitation where the fact, which under Section 10757 suspends the operation of Section 10722, does not exist.
In the case of Miller v. Ewing, Admr., 68 Ohio St., 176, ,the only question in the case, so far ks it bears upon this case, is whether an unequivocal statement made by an administrator to a claimant that the claim was rejected and he would get nothing on it unless at the end of a lawsuit was such a rejection of the claim as would set the six *110 months’ limitation to running. The court held that it was, but no question of the suspension of the limitation was raised. Likewise in the case of Harris v. O'Connell, Admr., 85 Ohio St., 136, there is no question raised as to the suspension of the statute by the failure to give notice.
In the case of In re Estate of Mary Ward, 21 C. C., 753, the question is raised as to the right of the administrator himself to take advantage of the failure to give notice of the appointment in the prosecution of " claim in his own favor. The court say at page 762:
“Now, if he fails to give notice — he being the executor himself — if he fails to perform this duty which the statute imposes upon him, we are of the opinion that he cannot take advantage of his own wrong. * * * He cannot take advantage of his own neglect to publish notice.”
In Ardrey et al., Exrs., v. Shell, 77 Ohio St., 218, the holding is to the effect that the proof of publication of the notice of the appointment of the executor or administrator forms no part of the notice to creditors, and is not for the benefit of creditors; and that where the notice is given by publication, as required by law, but the proof of such publication is not filed for more than a year after giving bond, the two years’ limitation provided by Section 6113, Revised Statutes (Section 10746, General Code), will begin to run from the date of the giving of the bond. No other question appears to have been raised in the case and we do not see how it has any application here. Plainly, to us, none of these cases sustain the contention of the defendant in error.
*111 We are unable to find that the question here involved has been passed upon in Ohio. We do, however, find some enlightening decisions from other states. In Whiggins v. Admr. of Lovering, 9 Mo., 262, the first paragraph of the syllabus reads:
“The limitation of three years, does not apply to demands against an estate, unless the executor or administrator give notice of the grant of letters of administration as required by law.”
And in the opinion, at page 266, the court say:
“But although an executor or an administrator cannot waive this bar or destroy its effect, yet he may by his negligence in giving notice of his appointment prevent its accruing, and in such case if either of the other parties suffer a loss, it must be the heirs or devisees, and not the creditors.”
In Emerson v. Thompson, 16 Mass., 429, the court say on page 431:
“If either of the other parties suffers a loss, it must be the heir or devisee, and not the creditor. It is contrary to the plain words of the statute, to bar the creditors, unless the notice is given, as there prescribed.”
In 1 Rockel’s Ohio Probate Practice (2 ed.) it is stated in Section 160 that: “It is the duty of an administrator de bonis non to give notice of his appointment, the same as a general administrator,” and in 2 Woerner’s American Law of Administration (2 ed.), *841, that “The failure of the administrator to publish notice to the creditors of his appointment, as required by statute, is generally fatal to the interposition of this plea [statute of limitations].”
*112 It is held in the syllabus of Hardy v. Ames, 47 Barb., 431, that:
“An executor or administrator can not avail himself of the six months’ statute of limitations, unless he has strictly complied with the statute requiring him to obtain an order of the surrogate for the publication of a notice to creditors to present their claims, and has published the proper notice.” See also Elliot v. Cronk’s Admrs., 13 Wend., 35; Whitmore v. Foose, 1 Denio, 159; Bryan v. Mundy’s Admr., 17 Mo., 557; Gardner v. Estate of Callaghan, 61 Wis., 91; Sewall v. Valentine, 23 Mass. (6 Pick.), 276, and Corliss Steam Engine Co. v. Schumacher, 109 Mass., 417.
We think these authorities clearly show that the purpose of the statute requiring the giving of notice is to advise creditors of the fact that an administrator has been appointed, and that if any negligence exists in the failure to give such notice, the loss occasioned thereby, if any, must fall upon the heirs and not upon the creditors; that the creditors have the right to rely upon the plain provisions of the statutes, and that the failure to give the notice prevents the administrator, or a new administrator, as the case may be, from setting up the bar of the statute of limitations “herein provided.”
It is the fact of the failure to give notice that suspends the bar to the statute.

Judgment reversed.

Pollock and Farr, JJ., concur.