[S. F. No. 1490. In Bank.—September 6, 1898.]

In the Matter of the Estate of JAMES WILLIAMS, Deceased.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—APPEAL BY EXECU-
TOR.—An executor is not an "aggrieved" party, and consequently cannot appeal from an order distributing the estate to the persons found entitled thereto, if jurisdiction of the proceedings for distribution had been properly acquired by the superior court before making the order.

MOTION to dismiss an appeal from the Superior Court of the City and County of San Francisco distributing the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

A. Boyer, for Appellant.

Evans & Meredith, for Respondents.

HARRISON, J.—Motion to dismiss the appeal. The final account of the executor of the last will and testament of the above-named decedent was settled February 23, 1898, and after its settlement the superior court, upon the petition of the respondents herein, made an order distributing to them the estate remaining in the hands of the executor. From this order the executor has taken the present appeal. The respondents have moved to dismiss the appeal, upon the ground that the executor has not the right to appeal from the order, for the reason that he is not an "aggrieved" party. At the hearing upon the motion it was conceded upon behalf of the executor and it also appears from the bill of exceptions which was taken by him to the granting of the order, that jurisdiction to hear the petition for distribution had been acquired by the superior court before making the

order appealed from.   The ground upon which he claims the right to present the appeal is the insufficiency of the evidence before the court to authorize it to find that the petitioners are entitled to the estate.

The executor has no interest in the distribution of the estate further than to be protected, if he shall dispose of the property in accordance with its terms; and, if the court had jurisdiction to hear the petition, the order of distribution will be a complete protection against any claim that may be made against him by reason of his compliance therewith.   The statute declares that the order is "conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside or modified on appeal." (Code Civ. Proc., sec. 1666.)   The persons here enumerated are the only ones who could claim any portion of the estate, and, consequently, are the only ones who can be "aggrieved" by an order of the court made in a matter in which it had jurisdiction of the subject matter and of the parties entitled thereto.

The motion to dismiss the appeal is granted.

Henshaw, J., Garoutte, J., Van Fleet, J., and McFarland, J., concurred.