WILL OF BOWLER: BOWLER and another, Appellants, vs. CAREY, Executor, Respondent.

*June 20—June 29, 1938.*

For the appellants there was a brief by *Rothstein & Rothstein* of Milwaukee, and oral argument by *Nathan A. Rothstein.*

*Thomas A. Manning* of Milwaukee, for the respondent.

ROSENBERRY, C. J.   It appears that the will of Edward J. Bowler was admitted to probate by the judgment of the county court of Milwaukee county on the 8th day of December, 1936.   On the 30th day of October, 1937, upon the petition of John Bowler and James Bowler, residuary legatees, the Hon. M. S. SHERIDAN, county judge, issued an order requiring the executor of the estate to show cause why the order admitting the will to probate should not be vacated.   The motion was brought on for hearing before the

county court on the 21st day of December, 1937, and on the 5th day of January, 1938, an order was duly entered denying the motion. Notice of the entry of the order was served on the 10th day of January, 1938. On March 28, 1938, the petitioners served a notice of appeal. The record was duly transmitted to this court pursuant to the notice, and the executor now moves to dismiss the appeal because the appeal was not taken within the time limited by statute.

Sec. 324.01 (2), Stats., provides:

"In counties having a population of over fifteen thousand any executor, administrator, guardian, trustee or any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply."

Sec. 324.04 (1), Stats., provides:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any order or judgment of the county court is limited to sixty days from the date of the entry thereof, except as provided in section 324.05 [relating to extension of time within which to appeal]."

Sec. 324.04 (4), Stats., provides:

"In all matters not otherwise provided for in this chapter relating to appeals from county courts to the supreme court, and jury trials in county courts, the law and rules of practice relating to circuit courts shall govern."

Sec. 274.04, Stats., provides:

"The time within which an appeal may be taken directly from an order is further limited to ninety days from the date of the service by either party upon the other of notice of the entry of the order."

The question presented for decision is, Do the provisions of sec. 324.04, Stats., determine the time within which an appeal may be taken from an order of the county court or is

it determined by the provisions of sec. 274.04? The history of the statute throws some light upon the question. Prior to the amendment of 1933, sec. 324.01 (2) contained no reference to ch. 274, Stats. Prior to that time sec. 324.04 (1) provided:

"In counties having a population of over fifteen thousand the time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any order, judgment, decree, determination, or denial of the county court is limited to sixty days from the date of the entry thereof [except in cases of extension of time to appeal]."

Prior to the amendment in 1933, sec. 324.18, Stats., provided:

"In all matters not otherwise provided for, relating to appeals from county courts to the supreme court, and jury trials in county courts, the law and rules of practice relating to circuit courts shall govern and control."

Secs. 82 to 102 of ch. 190, Laws of 1933, revised ch. 324, Stats. If the legislature had intended that the time for taking an appeal from an order or judgment of the county court to the supreme court should be governed by the provisions of ch. 274, there would have been no reason whatever for retaining sec. 324.04 (1). Sec. 324.04 (1) being directed to appeals from the county court and providing for the time within which appeals from the county court may be taken is a specific provision. The reference to ch. 274 in sec. 324.01 (2) was merely intended to supply such omissions in procedure as might be found in ch. 324. That such was the legislative intent is clearly disclosed by the provisions of sec. 324.04 (4) already quoted that—

"in all matters not otherwise provided for in this chapter . . . the law and rules of practice relating to circuit courts shall govern."

530

The reference to ch. 274, Stats., contained in sec. 324.01 (2), Stats., is the method of providing the procedural steps to be taken when an appeal is taken within the time limited by sec. 324.04 (1). The appeal in this case not having been taken within the time fixed by law, this court acquired no jurisdiction and the appeal must be dismissed.

*By the Court.*—Appeal is dismissed with $10 motion costs.