[Civ. No. 6098. Third Appellate District.—July 28, 1938.]

In the Matter of the Estate of WALTER V. PIERCE, Deceased. L. B. PIERCE et al., Appellants, v. H. A. PIERCE et al., Respondents.

Johnson & Curtright for Appellants.

Albert L. Wagner, R. G. Lenske, Butler, Van Dyke & Harris, Henry & Bedeau and E. G. Funke for Respondents.

PULLEN, P. J.—Walter V. Pierce died leaving a will naming L. B. Pierce, a brother, as executor, wherein he devised and bequeathed all of his estate, except two minor bequests, to Walter Phylipps Pierce, an adopted son, and his five brothers.

During the course of the probate proceedings Walter Phylipps Pierce, the adopted son, disappeared and was never located, and in the matter of Walter Phylipps Pierce, a missing person, L. B. Pierce was appointed trustee. Walter Phylipps Pierce had became indebted in a considerable sum and a creditor began suit against him and recovered a judgment for approximately $800. In due course, execution was issued upon the judgment against Walter Phylipps Pierce,

and was levied upon his interest in the estate of Walter V. Pierce, deceased. In the meantime it appearing that Walter Phylipps Pierce could not be present to satisfy the judgment or to purchase the property at the execution sale, and that the interest of the missing heir was about to pass into the hands of a stranger to the estate, a petition was filed by L. B. Pierce, the executor, for authority to invest funds of the estate. The petition recited that some two or three years prior thereto Walter Phylipps Pierce disappeared and had not since been located or heard from; that the sheriff of Sacramento County was about to sell at public auction the interest of Walter Phylipps Pierce to satisfy a certain judgment and asked the court to authorize the executor in behalf of the estate to expend funds of the estate, not to exceed $800, in the purchase of the interest of Walter Phylipps Pierce. All of the heirs, legatees and devisees except Walter Phylipps Pierce, the missing heir, consented to the making of the order. Accordingly the order was made authorizing the executor to expend not more than $800 from the funds of the estate to purchase at execution sale the interest of Walter Phylipps Pierce in the estate.

Thereafter, in December, 1934, an order was made settling and approving the second account and report of the executor, which account showed a disbursement of $808.77 paid the sheriff at the execution sale, and in the report was a recital of the transaction as above set forth, which account and report was settled and approved by the probate court.

Thereafter the estate continued in the usual course until October 14, 1936, at which time the executor filed his petition for final distribution. After due notice, the court made its order for final distribution, setting over to the missing heir 1/36 of the residue of the estate and the remainder in equal proportions to the five surviving brothers.

Subsequent thereto, appellant, in his capacity as trustee for the missing heir (who was also, it will be recalled, the executor who had filed the petition in the probate proceeding asking the court to protect the estate by purchasing the interest of the missing heir at the execution sale, and who also filed a second account and report containing a detailed statement of the purchase and also his final account and petition for distribution) filed a petition asking the court to set aside its order for final distribution on the ground that the

court was attempting to distribute the property in a manner not authorized by the will, and was acting in excess of its jurisdiction. This order was denied.

Shortly thereafter and in October, 1937, L. B. Pierce, as trustee, moved for an order vacating and setting aside the order authorizing the executor to invest funds of the estate made June 4, 1934. This motion was also denied. Thereupon an appeal was taken by L. B. Pierce personally, L. B. Pierce as executor, and L. B. Pierce as trustee of Walter Phylipps Pierce, a missing heir from that part of the decree of distribution distributing to L. B. Pierce as such trustee a 1/36 interest in the estate; and to each of the five brothers 7/36 of the estate.

■ The first point presented by appellant is that the order authorizing the investment of funds to purchase the interest of the missing heir was void. It may be true as pointed out by appellant, the Probate Code does not specifically sanction the investment of funds of an estate for the purchase of real property, but it does confer upon the court the general authority to order funds invested, so the order here made was not in excess of jurisdiction. Section 584 of the Probate Code provides: '' . . . On the petition of the executor . . . and upon good cause shown therefor, the court may order any money . . . invested.'' Being authorized to make an order concerning the investment of the funds of the estate any objection to the particular manner of exercising that power must be taken advantage of by direct appeal and not by collateral attack. Appellants have here overlooked the distinction between an excess of jurisdiction and a lack of jurisdiction.

■ Appellants also claim the order to invest was void because no notice of hearing of the petition was given as required by section 1200 of the Probate Code, and therefore the court never required jurisdiction to make the order. The appellant raising this point was himself the moving party invoking the court's jurisdiction, ready to accept its benefits. In *Bruguiere* v. *Bruguiere,* 172 Cal. 199 [155 Pac. 988, Ann. Cas. 1917E, 122], the plaintiff was there held to have been estopped because she had accepted the benefits of a decree and later attempted to attack the validity of such decree. Furthermore all persons interested in the making of the

order to authorize the investment, except the missing heir, consented to the court making such an order. When parties appear no notice is necessary to be shown. (*McLeran* v. *Shartzer*, 5 Cal. 70 [63 Am. Dec. 84].)

It is true that Walter Phylipps Pierce, the missing heir, was not present nor had personal notice, but his duly appointed and acting trustee, the appellant herein, was the moving party, although moving in the capacity of executor rather than as trustee. We do not believe that this court should entertain the objection as to lack of notice where the same individual, filling two offices, purports to act only in one, but in fact acting for the benefit of the entire estate and the ward in petitioning for the order.

 Furthermore the petitioner as trustee of the missing heir had knowledge of the investment at the time it was made, and now having waited two and one-half years he should not at this late day be heard to object to the making of the order. (*Estate of Seaman*, 51 Cal. App. 409 [196 Pac. 928] ; *Norton* v. *Atchison etc. R. Co.*, 97 Cal. 388 [30 Pac. 585, 32 Pac. 452, 33 Am. St. Rep. 198].)

 The sale by the sheriff on an execution against a judgment debtor has the same force and effect as a conveyance by the judgment debtor, and the court was correct in distributing the property to the purchaser at the execution sale.

Authority for the distribution of an estate in that manner is found in sections 1000, 1010 and 1020 of the Probate Code. (11B Cal. Jur. 776.) Section 1000 of the Probate Code reads in part as follows:

"At any time after the lapse of four months from the issuance of letters testamentary or administration the executor or administrator or any heir, devisee or legatee or the assignee, grantee or successor in interest of any heir, devisee or legatee may petition the court to distribute a legacy, devise or share of the estate or any portion thereof to any person entitled thereto. . . . "

Somewhat similar language is found in section 1020 of the Probate Code, and having in mind the rule that requires the giving of meaning and effect to the language of the code, the intention of the legislature clearly appears that an assignee, grantee or successor in interest had the right to

petition for, and have distributed to him that portion of the estate to which he was entitled.

Such an assignment of an interest by a legatee or a devisee entitles the transferee to distribution. (*McGee* v. *Allen,* 7 Cal. (2d) 468 [60 Pac. (2d) 1026].)

In that case the court held that distribution could be made to an assignee of a devisee or legatee where the assignment was admitted, but where the assignment was challenged distribution should properly be made as in the will provided, the decree not precluding the assignee from establishing his rights in an independent proceeding. Here no attack was made upon the assignment nor the terms of the decree of distribution until after its entry.

Furthermore, under the facts of the instant case, the estate itself was the purchaser of the interest, and the assets of the absent heir then became the assets of the estate. It would certainly appear that the probate court, distributing the assets of the estate regardless of their origin would have the right and power to distribute the same to the persons entitled thereto.

Appellants also object to the holding that the execution sale divested the missing heir of his entire interest in the estate. It is to be recalled that it was the entire interest of Walter Phylipps Pierce that was sold at execution. Everything to which he was entitled under the will in that estate was sold. At the moment the estate ·became vested by virtue of its purchase of the interest of Walter Phylipps Pierce, he ceased to be an heir or devisee of the estate.

This appeal, from a portion of the decree of distribution, is taken by L. B. Pierce, as executor of the last will and testament of Walter V. Pierce, deceased. An executor is not a party aggrieved by a decree determining the proportions in which various claimants shall share in the residue. The executor, therefore, is not properly an appellant in this proceeding. (*Estate of Ross,* 179 Cal. 358 [182 Pac. 303]; *Estate of Williams,* 122 Cal. 76 [54 Pac. 386].)

We believe the foregoing disposes of the principal points urged by appellant. It is our conclusion that the court had jurisdiction to make the order complained of, and that the decree of distribution was to the proper parties, and that the judgment appealed from should be affirmed. It is so ordered.

Thompson, J., concurred.

14

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 27, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 26, 1938.