Estate of West: West, Guardian, Appellant, vs. West and others, Respondents.

*November 7, 1938—June 6, 1939.*

For the appellant there was a brief by *O'Brien & Shehee* of Chicago, Illinois, attorneys, and *Cavanagh, Stephenson & Mittelstaed* of Kenosha of counsel, and oral argument by *Edward T. O'Brien, J. Glenn Shehee,* and *G. W. Mittelstaed.*

*Charles E. Wilson* of Elkhorn, guardian *ad litem* for William J. West and Eloda Rose West.

*John H. Kenney* of Delavan, guardian *ad litem* for Nancy Wayne Luce, Margaret Ruth West, Jean Taylor West, and Julia Loxley West.

For the respondents there was a brief by *Jacobson & Malone* of Waukesha, *Williams & Foster* of Fond du Lac, and *Doyle & Doyle* of Fond du Lac, and oral argument by *Marcus A. Jacobson, D. B. Malone,* and *Fred A. Foster.*

The following opinion was filed March 7, 1939:

Martin, J. The first question arises on respondents' motion to dismiss the appeal from the orders of May 29, 1935. The appeal herein was taken on June 14, 1938. The respondents contend in support of their motion to dismiss that the appeal should have been taken within sixty days from the date of the entry of said orders.

Sec. 324.04 (1), Stats., provides:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of

any order or judgment of the county court is limited to sixty days from the date of the entry thereof, except as provided in section 324.05."

Sec. 324.05, Stats., provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably. . . . "

The appellant contends that the appeal may be taken any time within ten years and six months from May 29, 1935, and in that connection relies upon the provisions of secs. 324.01 (2) and 274.01, Stats.

Sec. 324.01 (2), Stats., relating to appeals from county court, provides:

"(2) In counties having a population of over fifteen thousand any executor, administrator, guardian, trustee or any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply."

Sec. 274.01, Stats., which relates to writs of error and appeals, provides:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceedings in a court of record is limited to six months from the date of the entry of such judgment or order, but if the person against whom a *judgment* is rendered is, at the time of the rendition thereof, either a minor or insane, or imprisoned on a criminal sentence, the time during which such disability shall continue, not exceeding ten years, shall not be reckoned a part of said six months; said six months shall begin to run immediately from the entry of such judgment or order."

It should be noted that the ten-year limitation in sec. 274.01, Stats., appears to be limited to a person against

whom "a judgment is rendered." It should be further noted in this connection that as to appeals from orders, sec. 274.04 provides:

"The time within which an appeal may be taken directly from an order is further limited to ninety days from the date of the service by either party upon the other of notice of the entry of the order."

This section which is limited to appeals from orders provides for no extension because of disability. Nowhere in ch. 324, Stats., is there any provision for the extension of the time for appeal where the person against whom the *judgment* is rendered is a minor or is insane or is imprisoned on a criminal sentence. In counties having a population of fifteen thousand or less, where the appeal is to the circuit court, such appeal must be taken within sixty days from the date of the act appealed from.

Sec. 324.01 (1), Stats., provides:

"In counties having a population of fifteen thousand or less any executor, administrator, guardian, trustee or any person aggrieved by any order or judgment of the county court may appeal therefrom to the circuit court for the same county by filing a notice thereof with said county court within sixty days from the date of the act appealed from."

This section makes no provision for any extension of time because of disability. It is inconceivable that the legislature intended because of population, that is, in counties having a population of over fifteen thousand, and the reference to the provisions of ch. 274, Stats., that persons who are minors or insane or imprisoned on a criminal sentence may appeal to the supreme court any time within ten years and six months, whereas the appeal to the circuit court must be taken within sixty days from the date of the act appealed from.

This court held in *Will of Bowler,* 228 Wis. 527, 280 N. W. 684, that the reference to ch. 274 in sec. 324.01 (2), Stats., was intended to supply such omissions in procedure as might be found in ch. 324 and to show the procedural steps

to be taken when an appeal is taken within the time limited by sec. 324.04 (1). The court said (p. 529) :

"If the legislature had intended that the time for taking an appeal from an order or judgment of the county court to the supreme court should be governed by the provisions of ch. 274, there would have been no reason whatever for retaining sec. 324.04 (1). Sec. 324.04 (1) being directed to appeals from the county court and providing for the time within which appeals from the county court may be taken is a specific provision. The reference to ch. 274 in sec. 324.01 (2) was merely intended to supply such omissions in procedure as might be found in ch. 324. That such was the legislative intent is clearly disclosed by the provisions of sec. 324.04 (4) already quoted that 'in all matters not otherwise provided for in this chapter . . . the law and rules of practice relating to circuit courts shall govern.' The reference to ch. 274, Stats., contained in sec. 324.01 (2), Stats., is the method of providing the procedural steps to be taken when an appeal is taken within the time limited by sec. 324.04 (1). The appeal in this case not having been taken within the time fixed by law [sixty days], this court acquired no jurisdiction and the appeal must be dismissed."

In *Estate of Bailey*, 205 Wis. 648, 238 N. W. 845, an appeal was dismissed because not taken within sixty days under sec. 324.04 (1), Stats. In *Will of Stanley*, 228 Wis. 530, 280 N. W. 685, the appeal from an order of the county court of Chippewa county was dismissed because not taken within the sixty days provided in sec. 324.04 (1).

Ch. 324, Stats., sec. 324.01, relates specifically to appeals from county court, whereas ch. 274, sec. 274.01, relates to writs of error and appeals of any judgment or order in any civil action or special proceeding in a court of record. The appellant argues that there is no law or rule of practice in ch. 324 defining the rights of appeal of minors or insane persons or persons imprisoned on a criminal sentence during their disability. They say :

"This patently is one of the omissions which the legislature intended to supply in the amendment of 1933, so that minors and insane persons and persons under disability in

counties over fifteen thousand would have the same rights of appeal in county court proceedings as they would in circuit court proceedings."

The amendment of 1933 simply added to sec. 324.01 (2), Stats., the clause, "and the provisions of chapter 274 shall apply." The court said in *Will of Bowler, supra* (p. 530) :

"The reference to ch. 274, Stats., contained in sec. 324.01 (2), Stats., is the method of providing the procedural steps to be taken when an appeal is taken within the time limited by sec. 324.04 (1)."

Under the statutes and decisions quoted, we must hold that the appeal from the orders of the county court, dated May 29, 1935, was not seasonably taken; that sec. 324.04 (1), Stats., is applicable and controlling. The only exception is provided by sec. 324.05 which fixes the maximum period within which an appeal may be taken from any act of the county court at not to exceed one year. The instant appeal from the orders of May 29, 1935, was not taken within the time limited by sec. 324.05.

The appellant contends that the orders of May 29, 1935, are void, that the court had no jurisdiction because her wards had no notice of the trustees' petition for allowance of their accounts and for the construction of the will. The trusts in question were created by the will of Walter A. West, Sr., who died on the 29th day of May, 1926. His will was thereafter duly probated in the county court in which proceedings the court had jurisdiction of the parties and subject matter. The executors of his will were also the trustees of the several trusts thereby created. In June, 1927, the executors petitioned the county court of Walworth county for the allowance of their interlocutory accounts as executors, for a determination of inheritance taxes, for appointment of trustees, and for a construction of the will as to certain provisions thereof. The executors of the will were, by order of the county court, dated June 13, 1927, appointed trustees. Thereafter, said trustees filed their annual account with the county

court. Walter A. West, Jr., father of the minors in question, was one of the trustees. Walter A. West, Jr., died October 23, 1935. On April 23, 1935, the trustees filed their account for the period from January 1, 1934, to March 31, 1935, inclusive, and therewith filed a petition in which they prayed:

"(1) That the account hereto attached and all previous accounts heretofore filed by the trustees herein be adjusted and allowed.

"(2) That the resignation of the First Fond du Lac National Bank be accepted.

"(3) That the will of the late Walter A. West [Senior] be construed to require no appointment of a successor trustee, and in the alternative, if the will be construed so as to require the appointment of a successor trustee to the First Fond du Lac National Bank, that such successor trustee be appointed."

A similar account and petition were filed in each of the three trusts in question (in record designated as Trusts No. 3, 4, and 5). After filing the petitions and before any hearing thereon the court appointed a guardian *ad litem,* an attorney of said court, to appear for and take care of the interests of all minors interested in the proceedings in said matter. Said guardian *ad litem* filed his consent in writing to so act. It appears that on the day of the hearing, the trustees and the guardian *ad litem* signed a written waiver of notice and consented to an immediate hearing upon the petition of the trustees above mentioned. It is conceded that no notice of the hearing on the petition was given to the minors. The question on this branch of the case is: Did the court have jurisdiction of the parties and subject matter, no personal notice having been given to the minors? Clearly, the court had jurisdiction of the subject matter. As to jurisdiction of the minors, appellant contends that the court had no jurisdiction, and relies upon the provisions of secs. 323.06 and 324.19, Stats.

Sec. 323.06, Stats., provides as follows:

"The county court, on application of any such trustee or any person interested, may, *after notice to all parties in interest,* authorize and require such trustee to sell any property so held in trust in such manner as the court may direct and to invest the proceeds of such sale in such manner as will be most for the interest of all concerned therein; and such court may from time to time make such orders and decrees as it may deem just and reasonable in relation to the sale, management, investment and disposition of such trust property and to the settlement of the accounts of such trustee, but no such order shall be made in violation of the terms of the trust. To keep the trust property from being removed out of the state or improperly or illegally used or invested the county court shall have the same power as circuit courts to issue the writ of *ne exeat* and injunctions."

Sec. 324.19, Stats., provides:

"When notice of any proceedings in county court is required by law or deemed necessary by the court and the manner of giving the same shall not be directed by any law the court shall order notice to be given to *all persons interested* in such manner and for such length of time as it shall deem reasonable."

It will be noted that the first part of sec. 323.06, Stats., requires that notice be given to all parties in interest when a testamentary trustee applies for authority to sell trust property. The latter part of said section provides for orders and decrees in relation to the sale, management, investment, and disposition of such trust property, and to the settlement of the account of such trustees, and also provides that no order shall be made in violation of the terms of the trust. There is no mention of any requirement of notice in the latter part of this section. However, sec. 324.29 (2), which must be considered in connection with sec. 324.19, reads:

"When it shall be necessary to appoint a guardian *ad litem* for any person under disability, the court may appoint such guardian at the time of making the order for hearing the matter, and require notice thereof and of such hearing to be

served upon such guardian; or such guardian may be appointed on the day of the hearing, and before any proceedings are had. . . ."

When a guardian *ad litem* is duly appointed and files his consent to act, his appearance in proceedings thereafter is an appearance for and on behalf of such minor or minors as he represents. In the instant matter, the guardian *ad litem* for the minors in question had actual notice of the hearing on the trustees' petition for the allowance of their accounts. Such notice to the guardian was before any proceedings were had. He signed a written waiver of formal notice and consented that a hearing be had on the same day. We think that equivalent to a formal notice of the hearing to the guardian *ad litem*. For example, suppose the court upon entering the order appointing the guardian *ad litem* had entered a further order directing that written notice of the hearing be given to the guardian *ad litem* and directed that the hearing proceed forthwith or at a later hour of the same day. Such a procedure would be a literal compliance with sec. 324.19, also with sec. 324.29 (2), Stats. Of course, in view of the serious responsibility, both legal and otherwise, which attaches to the person who serves as guardian *ad litem*, he should not enter upon such a hearing as in the instant case without sufficient time to thoroughly examine the accounts involved and study any legal questions which may have a bearing upon the interests of his wards. However, a guardian *ad litem's* failure to take such precautions does not affect the court's jurisdiction, either of the subject matter or the minors for whom the guardian *ad litem* appears.

After the guardian *ad litem* was appointed and consented to act, the question then was one of procedure. In *Estate of Thompson,* 212 Wis. 172, 248 N. W. 167, there were minor residuary legatees for whom no guardian *ad litem* had been appointed. The court held that while failure to appoint a

guardian *ad litem* for such minors rendered the judgment erroneous, it was not void. The court said (p. 178) :

"As a general rule, the appointment of a guardian *ad litem* for an infant defendant is held to be a matter of procedure and not one of jurisdiction. Being a matter of procedure, the failure of the court to conform to proper procedure may make the judgment erroneous but it is not void."

The orders of May 29, 1935, are now in any event *res adjudicata* in the absence of reversal or modification on an appeal therefrom seasonably taken. *In re Trustees of Milwaukee County Orphans' Board,* 218 Wis. 518, 261 N. W. 676, and cases cited. The appeal from the order of February 17, 1938, not having been seasonably taken, what is said in that regard with reference to the appeal from the orders of May 29, 1935, is applicable. That order is affirmed.

Now as to the hearing on the petition of the trustees for the allowance of their accounts as such trustees from and after April 1, 1935, to and including December 31, 1936, in Trust No. 4, Walter A. West, Jr., beneficiary, there was publication of notice of hearing on said petition, also personal service upon the guardian *ad litem* for William J. West and Eloda Rose West, also upon the guardian *ad litem* for other minors interested. The appellant, on November 18, 1937, filed objections to the accounts of the trustees covering this period, also sought to challenge the validity of the orders of May 29, 1935. The trial court held, and as we conclude correctly, that the orders of May 29, 1935, were *res adjudicata* and declined to re-examine or consider the accounts or transactions of the trustees prior to that date. Appellant's objections in the main are that the trustees had wrongfully invested the assets of the trust estate in securities unauthorized by law and by the trust instrument; that the trustees had unlawfully and without authority in law or by said trust instrument borrowed money; that the trustees had wrong-

fully pledged the assets of the trust estate as security for their borrowings; that they had unlawfully expended from the trust estate funds for the payment of principal and interest on unlawful borrowings. Apparently, all the investments referred to were made prior to April 1, 1935; also, whatever borrowing was done by the trustees was prior to April 1, 1935. It is true that renewal notes were executed subsequent to said date but only as renewals for the indebtedness incurred prior to April 1, 1935.

It appears that during the period between April 1, 1935, and December 31, 1936, the trustees retained in their trust certain assets which were not "interest-bearing securities." They consisted of corporate stock. By the trust instrument, the trustees were directed to "invest the same [trust fund] in such interest-bearing securities as they may deem safe (although the same may not be of the character or kind permissible for trust investments by the laws of this state)." Clearly, the corporate stock could not be classed as "interest-bearing securities." In *Will of Stanley*, 223 Wis. 345, 352, 269 N. W. 550, the court said:

"Neither the trustees, nor the courts in passing upon the administration of trust estates, can disregard the safeguards prescribed by law or instruments of trust for proper management and preservation of trust funds." (Cases cited.)

The trial court correctly states the issue here involved:

"Have the trustees been derelict in their duties since May 29, 1935, in dealing with what they had on hand at that time?"

In this connection, the trial court said:

"The evidence shows that, aside from a few minor transactions—to which no objection was or could be made, they have had and could find no opportunity to change the form of anything held by them, except to the detriment of the trust. The market has been depressed; the trustees have hoped for an improvement and have kept what they had. There can be no objection to this, and the guardian of the

contingent beneficiaries surely would not want the trustees to sacrifice these assets—that may come back and have a good market. . . . But as pointed out time and time again, this court is not going back of the order of May 29, 1935. Since that time, *I find there is nothing valid by way of objection to the accounts upon which this hearing was held.* On the contrary, I find that the trustees have filed a true and correct account in the Walter A. West, Jr., trust and that they have exercised sound discretion in preserving the estate since the date of the approval of the account in 1935."

This court may take judicial notice of the general depression prior to and during the years 1935 and 1936 and the general effect the depression had upon stocks and securities. Upon the evidence, the court below found in effect that through the period from April 1, 1935, to December 31, 1936, the trustees had no opportunity to change the corporate stocks except to the detriment of the trust. There is no evidence to the contrary. The trial court further found: "That they [trustees] have exercised sound discretion in preserving the estate since the date of the approval of the account in 1935." We are of the opinion that the order of April 23, 1938, should be affirmed.

*By the Court.*—The motion to dismiss the appeal from the orders of May 29, 1935, is granted. The orders of February 17 and April 23, 1938, are affirmed.

FOWLER, J., dissents.

A motion for a rehearing was denied, with $25 costs, on June 6, 1939.