479 P.2d 193

In the Matter of the ESTATE of Harnam SINGH, Deceased.

Santa S. MANN, Principal Party in Interest, Appellant,

v.

William E. PLATT, Jr., Administrator of the Estate of Harnam Singh, Appellee.

No. 2 CA–CIV 792.

Court of Appeals of Arizona, Division 2.

Jan. 12, 1971.

Santa S. Mann, in pro. per.

Evans, Kitchel & Jenckes, by William W. Clements, Phoenix, for appellee.

HOWARD, Judge.

This is an appeal from orders of the Superior Court of Pinal County, Arizona, sitting as a probate court.

The controversy centers around the will of one Harnam Singh. After admission of the will to probate, Santa S. Mann, appellant here, claimed to be a "principal party in interest" and contested same after the orders and actions of the probate court. It is from denials of these claims that he now appeals. Appellant is a grandnephew of testator. He alleges that the main legatee of the will, Mrs. Nami, conveyed all her

**546**

interests in any property she might receive from the will to appellant. It is apparently by reason of this conveyance that he feels he is a principal party in interest. However, another relative, Chanan Singh, claims Mrs. Nami conveyed all her interests to him. In addition to these conflicting claims, Mrs. Nami states that she was tricked into assigning her interest to Santa Mann, appellant here.

Appellant filed his notice of appeal on September 3, 1969. The orders appealed from are: (1) The appointment of appellee as administrator (Order of December 26, 1967); (2) the approving of the amended final accounting of the special administrator (Order of July 24, 1968); (3) the impressing of a lien for attorney's fees on the share of the beneficiary (Order of December 10, 1968); (4) the order regarding a petition for determination of heirship (May 14, 1969—notice of appeal filed July 14, 1969); (5) the judgment or decree of final distribution of the estate (July 7, 1969) and (6) the order denying appellant's petition for custody of the estate (August 8, 1969).

■ We find we do not have the requisite jurisdiction to consider questions 1, 2 and 3, because they were not filed within the allotted time provided by statute. 16 A.R.S.R.C.P. 73(b).

■ Question number 6 cannot be considered because it is not an appealable order. 4 A.R.S. § 12–2101.

Questions 4 and 5 were filed within the time required.

In the case at bar, the appellant is an alleged assignee of the primary beneficiary in the will. He argues that a probate court may distribute the assets of an estate to the assignees of heirs, devisees or legatees and cites cases for this proposition.

We agree with appellant that in some cases a probate court *may* order direct distribution to an assignee. In re Vaughn's Estate, 92 Cal. 192, 28 P. 221 (1891); In re Pierce's Estate, 28 Cal.App.2d 8, 81 P.2d 1037 (1938); Bancroft, Probate Practice 2d § 1149.

■ However, we also find that when there is a dispute as between assignees, the probate court may not attempt to solve the controversy but will instead distribute the estate according to law and leave the resolution of differences between purported assignees to be settled in a subsequent action. In re Blackington's Estate, 29 Idaho 310, 158 P. 492 (1916); Church v. Quiner, 31 Wyo. 222, 224 P. 1073 (1924); Bancroft, Probate Practice 2d, § 1149.

In this case the probate court apparently felt that in light of the different claims between the legatee and her alleged assignees, they had no jurisdiction to do anything other than distribute the estate in accordance with the testamentary instrument. Cf. Fernandez v. Garza, 83 Ariz. 318, 320 P.2d 948 (1958). It is basic that the appeals court will affirm a judgment where it is found to be supported by any theory. Kinnison v. Hulett, 71 Ariz. 396, 228 P.2d 446 (1951).

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.